BECKET v. THE IOWA IMPROVEMENT Co.

1. **Principal and Agent**: ACTION FOR SERVICES: COUNTER-CLAIM FOR MONEY RECEIVED AND NOT ACCOUNTED FOR: BURDEN OF PROOF. Plaintiff sued for a balance of his salary as defendant's pay-master. Defendant set up a counter-claim for $100, which, it alleged, plaintiff had received, with other money, for disbursement, and had not accounted for. Plaintiff's defense was that, if the money came into his hands, it was lost through no negligence on his part. *Held* that the burden of proof, under the issues, was upon plaintiff to establish his defense, and not upon defendant to negative it; and, there being some evidence, at least, that plaintiff received the money in question, an instruction asked, expressing the doctrine above announced, should have been given.

*Appeal from Marshall Circuit Court.*

FRIDAY, OCTOBER 23.

PLAINTIFF brought suit· to recover a balance of $136.80, which he alleged was due him for services rendered by him for defendant, and for expenses incurred by him while performing such services. He alleges that he was employed by defendant at the agreed price of $75 per month, and that he labored for it under such employment during the months of May and June, and for eighteen days in July, 1884, and that he incurred expenses while so employed to the amount

of $9.25, which defendant agreed to pay, and that it had paid
him but $66 on said account. Defendant admitted that
plaintiff was employed by it at the price stated in the peti-
tion, and that he had worked during May and June, and for
seventeen days in July, and that it was indebted to him
therefor, and for the item of $9.25 for expenses, the amount
of indebtedness admitted being $134.39; and for a counter-
claim it alleged that during the time of his employment
plaintiff received into his possession the sum of $8,000
belonging to defendant, which it was his duty to disburse for
it, and that of said amount he had failed and neglected to
account for $100, and that he wrongfully retained the same
and refused to return it to defendant. There was a verdict
and judgment for plaintiff for $135.75, and defendant
appeals.

*Parker & Childs*, for appellant.

*Brown & Carney*, for appellee.

REED, J.—The only material question in the case arises
on defendant's counter-claim. The defendant, as we under-
stand, was engaged in operating a railway. It was plaint-
iff's duty by virtue of his employment to go out on the line
of the road at certain times and pay the hands employed in
the work of operating it. About the fourteenth of January,
1884, he received from defendant's treasurer a check for
$8,000 on the bank in Marshalltown with which defendant
kept its account. On that day he presented the check at the
bank and received the money thereon, which he took to
defendant's office and placed in a safe. On the next morn-
ing he took the packages of money out of the safe, and started
out on the road, accompanied by another employe of the
defendant, to pay the men. They traveled in a car which
was fitted up for the pupose. Plaintiff had charge of the
money, and he sat at one window, while the other employe

sat at another with the pay-roll. When a man presented himself to receive his pay, the other clerk would give him a statement on a ticket from the pay-roll of the amount due him, which he would then present to plaintiff, who would pay him the amount. They returned to Marshalltown the same evening, and, after ascertaining from an examination of the pay-roll and tickets the amount they had disbursed, and counting the remaining money, they discovered that there was a discrepancy of $100 between what they had and the amount they should have had. Plaintiff carried the money during the day in a valise, which had been used on other occasions for the same purpose. The key to this valise had been lost, and there was no means of locking it. On one occasion during the day he left the valise, with the money in it, in charge of a station agent of defendant, while he ate his dinner. On another occasion he left the car, and was absent for a short time, leaving the money in it. The other clerk was in the car during his absence. Defendant asked the circuit court to instruct the jury that, if the plaintiff received the $100 in issue, he was responsible for its safe keeping and disbursement, and the burden was on him to satisfactorily account for all the funds received by him, and, unless he had shown that the $100 was lost without fault or neglect on his part, they should allow defendant that amount in their verdict. The court refused to give this instruction, but told the jury that, while plaintiff would be chargeable with said sum if the loss occurred through any fault or negligence of his, the burden was on defendant to show that it was lost through his neglect or fault.

In our opinion the instruction asked by defendant correctly expresses the rule as to the burden of proof under the pleadings, and should have been given. The allegation of the counter-claim was that plaintiff received $8,000, which it was his duty, by virtue of his employment, to disburse or account for, and of that amount he had not disbursed the sum in controversy, neither had he accounted for or returned it to

defendant, although demand therefor had been made.  There was no averment that the money was lost, nor did defendant seek to recover on the ground that plaintiff had been negligent in the performance of the duties of his employment; but the *gravamen* of its complaint is that he had failed to either disburse or account for the money.  Its claim, then, would be established by proof that he had received the money, and that he had neither disbursed nor returned it.  On proof of these facts it would be entitled to recover, unless plaintiff could establish some matter in avoidance.

Plaintiff's defense is that, if the money came into his hands, it was lost through no negligence on his part.  In effect, he asserted that he transacted the business with diligence and care, and for that reason was not chargeable with the loss.  The burden of proving this claim was clearly on him.  The question whether the burden of proof as to any particular fact in the case is on plaintiff or defendant depends upon whether it relates to the cause of action alleged or to the defense.

It is contended, however, that it was not proven that the money ever came into plaintiff's hands.  It is admitted that he received the money from the bank and placed it in the safe in defendant's office, and that on the next morning he took the packages out of the safe.  But it is shown that another employe or officer of defendant had a key to the safe, and it is insisted that it cannot be assumed that the packages, when they were removed from the safe, contained the same amount of money which was in them when they were placed there, without proof that the safe or its contents had not been tampered with in the mean time.  We think, however, that the question whether the packages contained the full amount of $8,000 when plaintiff removed them from the safe was for the jury.  The fact that there was nothing in their appearance at that time indicating that any portion of their contents had been removed would have some tendency to prove that they contained the same amount as when they

were placed in the safe the evening before. It cannot be said, then, that there was no evidence tending to prove that plaintiff received the money.

The judgment of the circuit court will be reversed and the cause will be remanded for a new trial.

REVERSED.